**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DAVID ELIAS, JAWAN MOORE and | § | |
| ERIK RODRIGUEZ, Individually and On | § | |
| Behalf of All Similarly Situated Persons | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:16-cv-2257 |
| | § | |
| ICARE DEALER SERVICES, INC, | § | |
| MOHAMMED JAMAL ALAQUI, IVP | § | |
| DEALERSHIP SERVICES, LLC and | § | |
| ISSAM BOURHANE EDDINE, | § | |
|     Defendants. | § | JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

This is an action arising under the Fair Labor Standards Act ("FLSA"), brought both as an individual action and collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiffs David Elias, Jawan Moore, Erik Rodriguez and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendants, their subsidiaries and affiliated companies.

### Parties

1.    Plaintiffs David Elias ("Elias"), Jawan Moore ("Moore") and Erik Rodriguez ("Rodriguez") are former employees of Defendants who were personally engaged in interstate commerce during their employment with the Defendants, and they are represented by the undersigned.

2.    Defendant, ICare Dealer Services, Inc., ("ICare") is a Texas corporation that is and was an "employer" of the Plaintiffs as that term is defined by the FLSA.  With respect to Plaintiffs and Members of the Class, ICare is subject to the provisions of the FLSA. ICare was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Defendant ICare Dealer Services, Inc. may be served through its registered agent,

Mohammed Jamal Alaqui at 5510 S. Rice Avenue, Apt. 1534, Houston, Texas 77081 or wherever he may be found.

3.     Defendant, Mohammed Jamal Alaqui ("Alaqui") is an individual resident of the State of Texas and was an "employer" of the Plaintiffs as that term is defined by the FLSA. With respect to Plaintiffs and Members of the Class, Alaqui is subject to the provisions of the FLSA. Alaqui was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00.  Defendant Mohammed Jamal Alaqui may be served at 5510 S. Rice Avenue, Apt. 1534, Houston, Texas 77081 or wherever he may be found.

4.     Defendant, IVP Dealership Services, LLC, ("IVP") is a Texas limited liability company that is and was an "employer" of the Plaintiffs as that term is defined by the FLSA. With respect to Plaintiffs and Members of the Class, IVP is subject to the provisions of the FLSA.  IVP was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00.  Defendant IVP Dealership Services, LLC may be served through its registered Issam Bourhane Eddine at 7600 Highmeadow Drive, Apt. 3035, Houston, TX 77063 or wherever he may be found.

5.     Defendant, Issam Bourhane Eddine ("Eddine") is an individual resident of the State of Texas and was an "employer" of the Plaintiffs as that term is defined by the FLSA. With respect to Plaintiffs and Members of the Class, Eddine is subject to the provisions of the FLSA. Eddine was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00.  Defendant Issam Bourhane Eddine may be served at 7600 Highmeadow Drive, Apt. 3035, Houston, TX 77063 or wherever he may be found.

**Jurisdiction and Venue**

6.     This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiffs transacted business within this

judicial district, and the events underlying this complaint occurred within this judicial district as well.   At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, purchasing materials through interstate commerce, transporting goods on the interstate highways, and conducting transactions through interstate commerce, including the use of credit cards, phones, and/or cell phones, electronic mail and the Internet. Additionally, Plaintiffs were individually engaged in commerce and their work was essential to Defendants' business.

**Factual Allegations**

General Overview

7.      Plaintiffs David Elias, Jawan Moore and Erik Rodriguez and the members of the proposed Putative Class ("Employees") were and are Defendants' employees.  The Defendants placed the employees to work at various automobile dealerships and social functions to provided valet services.  The employees, although employed by Defendants, were also under the control and direction of the automobile dealerships throughout their workday, and were directly supervised by employees and agents of the automobile dealerships.  Plaintiffs thus contend that Defendants and the automobile dealerships were joint employers of the Employees, and should be held jointly and severally liable for the employees' unpaid overtime wages.  Plaintiffs are asking that the Court certify a conditional class of Defendants employees and former employees and that, after the opt-in period has passed, allow the Plaintiffs to amend their Complaint to add the automobile dealerships to which the Defendants' employees were assigned as additional defendants in this lawsuit.

The Present Defendants

8.      Plaintiffs allege that, in addition to each being their "employer" under the FLSA, and an "enterprise engaged in commerce," these Defendants are alter egos of each other and/or a

3

joint enterprise.  Plaintiffs worked for the same "employers" during their tenure with the ICare and IVP Defendants, and were paid by both of these companies for their work.  The individual defendants, Alaqui and Eddine, upon information and belief, are the control persons of ICare and IVP, and determined the manner in which the Plaintiffs and similarly situated employees should be paid.  Plaintiffs thus allege that the Defendants should be treated as a single entity/enterprise, and that the corporate formalities and protections should be disregarded, and/or that the ICare and IVP Defendants should be held jointly and severally liable for each other's actions.

Allegations of FLSA Violations

9.      Plaintiffs and those employees similarly situated to Plaintiffs were paid on an hourly basis and were paid the same hourly rate for all hours worked, even those hours over 40 in a workweek ("straight time").  That is, Plaintiffs and others were not paid an overtime premium for hours worked over 40 as is required by the FLSA.  Plaintiffs and the Members of the class regularly worked over 40 hours per week without being paid time-and-a-half as required by the FLSA.

10.      Plaintiff Elias worked for Sterling McCall Lexus as an auto dealership porter and valet from November of 2015 to May of 2016.  Elias's duties included, but were not limited to, driving/moving cars within the dealership from one location to another, approaching and greeting customers, surveying the vehicles to assess condition, checking for damage and other conditions for maintenance purposes, maintaining and cleaning vehicles (car washing), show rooms and other areas of the dealership where new and used vehicles were being showcased for sale.  Plaintiff also functioned in the role of concierge/shuttle driver, transporting the customers that would come into the dealership to drop off their vehicles for maintenance or repairs.  Plaintiff would drive the customers back to their homes, jobs or other locations as needed and he

would also pick them up once the work on their vehicle was done.

11.     Plaintiff Moore worked for Sterling McCall Lexus as an auto dealership porter and valet manager from October of 2015 to May of 2016. Moore's duties included, but were not limited to, driving/moving cars within the dealership from one location to another, approaching and greeting customers, surveying the vehicles to assess condition, checking for damage and other conditions for maintenance purposes, maintaining and cleaning vehicles (car washing), show rooms and other areas of the dealership where new and used vehicles were being showcased for sale. He also managed other valets and set up their schedules and kept up with their hours to submit for payroll. Plaintiff also functioned in the role of concierge/shuttle driver, transporting the customers that would come into the dealership to drop off their vehicles for maintenance or repairs. Plaintiff would drive the customers back to their homes, jobs or other locations as needed and he would also pick them up once the work on their vehicle was done.

12.     Plaintiff Rodriguez worked for Sterling McCall Lexus and Sterling McCall Nissan as Porter and a Valet from August of 2015 to April of 2016. Rodriguez's duties included, but were not limited to, driving/moving cars within the dealership from one location to another, approaching and greeting customers, surveying the vehicles to assess condition, checking for damage and other conditions for maintenance purposes, maintaining and cleaning vehicles (car washing), show rooms and other areas of the dealership where new and used vehicles were being showcased for sale. Plaintiff also functioned in the role of concierge/shuttle driver, transporting the customers that would come into the dealership to drop off their vehicles for maintenance or repairs. Plaintiff would drive the customers back to their homes, jobs or other locations as needed and he would also pick them up once the work on their vehicle was done.

13.     At all times relevant hereto, Defendants knew of, approved of and benefited from

Plaintiffs' regular and overtime work.

14.     Defendants did not make a good faith effort to comply with the requirements of the FLSA.

15.     Defendants' actions were willful and in blatant disregard for Plaintiffs' federally protected rights.  The Defendants are in the business of placing personnel with their clients, and should thus be well-versed in the overtime requirements of the FLSA, and are aware that failing to pay hourly employees overtime for hours worked over 40 in a workweek is a violation of the law.  Thus, Plaintiffs and Members of the Class are entitled to receive overtime pay for the three years prior to filing of this lawsuit ("Relevant Time Period").

## Plaintiffs' Individual Allegations

16.     Plaintiffs were entitled to be paid their regular wages and to be paid an overtime premium for all hours worked over 40 in each workweek.  Defendants failed to pay Plaintiffs overtime during the Relevant Time Period, as the Plaintiffs worked in excess of 40 or more hours in many weeks, and often worked more than 60 hours per week.  Again, Plaintiffs were paid on an hourly basis, but not paid premium pay for hours worked over 40 in the workweek.

17.     No exemption excuses Defendants from paying Plaintiffs for all time spent and work performed during the hours he worked, and Defendants have not made a good faith effort to comply with the FLSA.  As such, Defendants knowingly, willfully or with reckless disregard carried out this illegal pattern or practice regarding overtime compensation.  Such practice was and is a clear violation of the FLSA.

## Collective Action Allegations

18.     Other employees have been victimized by Defendants' pay practices and policies that are in willful violation of the FLSA.  A number of these employees have worked with

Plaintiffs.  Thus, Plaintiffs are aware that the illegal practices or policies of Defendants have been imposed on the Members of the Class.  Specifically, through speaking with other employees, Plaintiffs are aware that Defendants make a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek, but instead pay all their valets, car washers and porters on the same basis as the Plaintiffs: "straight time" hourly.

19.    The Members of the Class performed work that is similar in nature to that performed by Plaintiffs.  These individuals worked alongside the Plaintiffs performing the same type of manual work that Plaintiffs performed.  Accordingly, the employees victimized by the Defendants' unlawful practices are similarly situated to Plaintiffs in terms of their job duties.

20.    Further, each member of the class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay.

21.    Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on circumstances particular to certain Members of the Class. This generally applicable policy is prohibited by the FLSA.  Plaintiffs' experience is typical of the experiences of the Members of the Class.

22.    No justification or exemption excused the Defendants from paying the Members of the Class for all work performed and time spent working, and the Defendants did not make a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

23.    The class of similarly situated plaintiffs is properly defined as:

**All persons employed on an hourly basis by Defendants ICare Dealer Services, Inc., Mohammed Jamal Alaqui, IVP Dealership Services, LLC and Issam Bourhane Eddine during the three-year period preceding the filing of this Complaint.**

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

24.    Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiffs and Members of the Class for work performed in the employ of the Defendants.

25.    Plaintiffs and Members of the Class have suffered damages as a direct result of Defendants illegal actions.

26.    Defendants are liable to Plaintiffs and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Demand for Jury

27.    Plaintiffs demand a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

1.    Issuance of notice as soon as possible to all persons employed by ICare Dealer Services, Inc., Mohammed Jamal Alaqui, IVP Dealership Services, LLC and Issam Bourhane Eddine as hourly employees during the three-year period immediately preceding the filing of this Complaint.  Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2.    Judgment against Defendants for an amount equal to Plaintiffs' and the Members of the Class's unpaid overtime wages at the applicable rate;
3.    An equal amount to the overtime wage damages as liquidated damages;
4.    Judgment against Defendants that their violations of the FLSA were willful;
5.    To the extent that liquidated damages are not awarded, an award of interest;
6.    All costs and attorney's fees incurred prosecuting these claims;

7.      Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

8.      Leave to amend to add claims under applicable law; and

9.      For such further relief as the Court deems just and equitable.

**THE BUENKER LAW FIRM**

Respectfully Submitted,

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2030 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR
PLAINTIFFS**

**OF COUNSEL:**
*/s/ Vijay A. Pattisapu*
Vijay A. Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2030 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY FOR
PLAINTIFFS**